1

2

3

4

Caleb Jon F. Vandenbos
WSBA # 50231
c/o Freedom Foundation
PO Box 552
Olympia, WA, 98507
CVandenbos@freedomfoundation.com
360-956-3482

HONORABLE THOMAS O. RICE

5

6    **UNITED STATES DISTRICT COURT FOR THE**
     **EASTERN DISTRICT OF WASHINGTON**

7

8    CINDY ELLEN OCHOA, as an
     individual,

9

10   Plaintiff,

11       v.

12   SERVICE EMPLOYEES
     INTERNATIONAL UNION LOCAL
13   775, an unincorporated labor
     association; PUBLIC CONSULTING
14   GROUP, INC., a Massachusetts
     corporation; PUBLIC
15   PARTNERSHIPS LLC, incorporated
     in Delaware; CHERYL STRANGE
16   in her official capacity as
     SECRETARY of the
17   DEPARTMENT OF SOCIAL AND
     HEALTH SERVICES, and JAY
18   INSLEE, in his official capacity as
     GOVERNOR of the STATE OF
19   WASHINGTON,

20

21   Defendants.

22

No. 2:18-cv-00297

**PLAINTIFF'S MOTION FOR
LEAVE TO FILE AMENDED
COMPLAINT AND
MEMORANDUM OF LAW IN
SUPPORT**

**NOTED 05/06/2019
WITHOUT ORAL ARGUMENT**

23

NO. 2:18-cv-00297-TOR
PLAINTIFF'S ACCEPTANCE OF              1
DEFENDANT SEIU 775'S RULE 68
OFFER OF JUDGMENT

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**<u>INTRODUCTION</u>**

Plaintiff Cindy Ellen Ochoa ("Ochoa") respectfully moves the Court, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and this Court's February 20, 2019 Scheduling Order, for leave to file an AMENDED COMPLAINT, a copy of which is attached hereto. The amended complaint maintains the counts and allegations against the same defendants from the original complaint,[1] but states with greater specificity the facts and claims alleged against Public Consulting Group ("PCG") and Public Partnerships LLC ("PP LLC"), (collectively "IPOne").

**<u>ARGUMENT</u>**

**A. Plaintiff Has Met The Standard For Obtaining Leave To File An Amended Complaint Under Federal Rule of Civil Procedure 15**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Plaintiff moves to file the Amended Complaint within the time permitted by the Court in the scheduling order (ECF. 32). Allowing Plaintiff to file the Amended Complaint would serve justice and promote judicial efficiency. Leave to amend "shall be freely given when justice so requires," and courts review motions to amend "in light of the strong policy permitting amendment." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986). Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962).

**B. Defendants Will Not Suffer Substantial Prejudice, and There Is No Other Reason Plaintiff Should Not be Given Leave to Amend**

No prejudice exists against the Plaintiffs here. The facts and the claims added in the amended complaint all relate to defendants who were initially party to the Complaint and who are aware of their business practices. The amended facts address PCG and PP LLC contracts, business

---

[1] Plaintiff has accepted a FRCP 68 Offer of Judgment from Defendant SEIU 775 and entertains no more claims against that Defendant.



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1  practices, and interactions with Ms. Ochoa in greater detail. No additional claims were alleged.

2  Instead, Plaintiff simply gives additional detail on the claims as they relate to IPOne. Additionally,

3  the parties still have until November 4, 2019 to conduct discovery on these facts as alleged. Neither

4  PCG nor PP LLC have conducted any discovery on Ms. Ochoa or her claims as of this motion.

5      Similarly, none of the other *Foman* factors are present. Plaintiff is submitting the Amended

6  Complaint within the time allowed to amend pleadings under this Court's Scheduling Order of

7  February 20, 2019. The Amended Complaint does not add any causes of action, but rather more

   clearly describes the First Amendment violations as they relate to IPOne and the causes of actions

8  identified in the original complaint.

9                                          **CONCLUSION**

10     For the Above reasons, Plaintiff's Motion for Leave to File Amended Complaint should be

11  granted.

12  DATED this 5th day of April, 2019.

13  Respectfully submitted,

14  s/ Caleb JF Vandenbos
    Caleb Jon F. Vandenbos, WSBA #50231
15  Sydney Phillips, WSBA #54295
    CVandenbos@freedomfoundation.com
16  FREEDOM FOUNDATION
    P.O. Box 552,
17  Olympia, WA 98507-9501
    T: 360.956.3482
18  F: 360.352.1874

19

20

21

22

23
        NO. 2:18-cv-00297-TOR                          3
        PLAINTIFF'S ACCEPTANCE OF
        DEFENDANT SEIU 775'S RULE 68
        OFFER OF JUDGMENT

1

2

3

### CERTIFICATE OF SERVICE

4      I hereby certify that on April 5, 2019, I filed the foregoing with the Clerk of the Court using

5  the CM/ECF System, which in turn automatically generate a Notice of Electronic Filing (NEF)

6  to all parties in the case who are registered users of the CM/ECF system. The NEF for the

   foregoing specifically identifies recipients of electronic notice:

7

8  Cheryl L. Wolfe, WSBA No. 15555
   Senior Counsel
   Labor and Personnel Division
9  1116 West Riverside Avenue, Suite 100
   Spokane, WA 99201
10 (509) 456-3123
   CherylW@atg.wa.gov
11 *Attorney for Jay Inslee and Cheryl Strange*

                                        Markus W. Louvier, WSBA #39319
12 Michael C. Subit, WSBA #29189        Evans, Craven & Lackie, P.S.
   705 Second Avenue, Suite 1200        818 W. Riverside Ave., Ste. 250
13 Seattle, Washington 98104            Spokane, WA 99201
   Telephone: (206) 682-6711            T: (509) 455-5200
14 Facsimile: (206) 682-0401            F: (509) 455-3632
   Email: msubit@frankfreed.com         Email: mlouvier@ecl-law.com
15 *Attorney for SEIU 775*              *Attorney for Defendants, PCG and PP LLC*

16

17

   Signed this 5th day of April, 2019.
18
                                        /s/ Sydney Phillips
19                                      Sydney Phillips

20

21

22

23

NO. 2:18-cv-00297-TOR                        4
PLAINTIFF'S ACCEPTANCE OF
DEFENDANT SEIU 775'S RULE 68
OFFER OF JUDGMENT

# Ochoa

# v.

# State of Washington

---

# **First Amended Complaint**

Caleb Jon F. Vandenbos
WSBA # 50231
c/o Freedom Foundation
PO Box 552
Olympia, WA, 98507
CVandenbos@freedomfoundation.com

HONORABLE THOMAS O. RICE

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF WASHINGTON

CINDY ELLEN OCHOA, as an individual,

Plaintiff,

v.

SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 775, an unincorporated labor association; PUBLIC CONSULTING GROUP, INC., a Massachusetts corporation; PUBLIC PARTNERSHIPS LLC, incorporated in Delaware; CHERYL STRANGE in her official capacity as SECRETARY of the DEPARTMENT OF SOCIAL AND HEALTH SERVICES, and JAY INSLEE, in his official capacity as GOVERNOR of the STATE OF WASHINGTON,

Defendants.

No. 2:18-cv-00297

**FIRST AMENDED COMPLAINT**

**Demand for Jury Trial**

//

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

1

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

# I. INTRODUCTION

1. Ms. Cindy Ellen Ochoa, Plaintiff, brings this claim against the defendants for collectively withholding wages and diverting them to a union to which she does not belong and does not want to belong, in part based on a signature forged by a union representative.  Defendants Service Employees International Union Local 775 ("SEIU 775"), Public Consulting Group, Inc., Public Partnerships LLC, Cheryl Strange in her official capacity as secretary of the Washington Department Social and Health Services ("DSHS"), and Jay Inslee ("State") in his official capacity as the Governor of the State of Washington, collectively have created a system which encourages wages to be withheld wrongfully, and in fact wrongfully withheld wages from Cindy Ochoa, in violation of her constitutional, statutory, and common law rights. She demands a trial by jury.

2. Ochoa seeks declaratory judgment, injunction, specific, general, and punitive damages for violation of her First Amendment rights, wrongfully withheld wages, and intentional infliction of emotional distress.

## II.  PARTIES

3. Plaintiff Cindy Ochoa is an Individual Provider ("IP") providing in-home health care services to her disabled son, under RCW 74.39A. Her employer is the Governor, Jay Inslee and she is classified as a public employee for collective

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

2

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

bargaining purposes under RCW 41.56. She lives in the City of Spokane, Washington.

4. Defendant SEIU 775 is an unincorporated association operating as a local chapter of a national labor organization, conducting business and operating throughout Washington State. Its principle place of business is 215 Columbia Street, Seattle, WA, 98104.  It is the exclusive bargaining representative for all IPs in Washington, including Ms. Ochoa. As the exclusive bargaining representative for IPs, SEIU 775 is party to a Collective Bargaining Agreement (CBA) with the employer, State and DSHS. In this CBA, the State voluntarily agrees to withhold union dues from IPs' salaries and remit them to SEIU 775.

5. Defendant Jay Inslee is Governor of Washington and is sued in his official capacity. As Governor, Defendant Inslee is Washington's chief executive officer and IPs' employer. RCW 74.39A.270.

6. Defendant Cheryl Strange is the Acting Secretary of DSHS, and is sued in her official capacity. DSHS administers the IP program under RCW 74.39A, is the agency responsible for distributing IPs' wages and/or withholding them, to include managing the withdrawal and disbursement of union dues from IPs' salaries, to SEIU 775.

7. Public Partnerships LLC is a limited liability company incorporated in Delaware doing business in Washington State.

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

3

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

8. Public Consulting Group, Inc., is a corporation registered in Massachusetts and doing business in Washington State.

9. Together Public Partnerships LLC and Public Consulting Group, Inc. operate Individual Provider One ("IPOne") under contract with the State of Washington to pay wages to IPs, including in Spokane County, on behalf of the State.

## III. JURISDICTION AND VENUE

10. This action arises under the Constitution and laws of the United States, particularly the First and Fourteenth Amendments to the United States Constitution. The original jurisdiction of this Court, therefore, is invoked under 28 U.S.C. § 1331and 28 U.S.C. § 1343.

11. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this is an action under 42 U.S.C. § 1983 for violation, under color of law, of rights, privileges, and immunities secured by the Federal Constitution—the First and Fourteenth Amendments. Pursuant to § 1343, the Court may grant damages, restitution, and injunctive relief, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

12. This is also a case of actual controversy in which Ms. Ochoa seeks declaration of her rights. Under 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights of Plaintiffs and grant further necessary or proper relief based thereon, to include injunction.

13. This Court has supplemental jurisdiction over the state law claims presented in this matter under 28 U.S.C. § 1367, because the claims are so related to the federal constitutional claims in this action such that they form part of the same case or controversy, and the state law claims do not raise a novel or complex issues of state law and do not substantially predominate over the federal claims. There are, further, no exceptional circumstances compelling declining the state law claims.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants do business and operate in this judicial district of the United States District Court for the Eastern District of Washington, and have sufficient minimal contacts with this district to be subject to personal jurisdiction herein. The Plaintiff lives and works in this judicial district. In addition, a substantial part of the events or omissions giving rise to the claims occurred here.

## IV.  FACTUAL ALLEGATIONS

### Background

15. Cindy Ochoa is a single mother and Individual Provider ("IP") taking care of her disabled, adult son. She lives and works in Spokane, WA. She has been an IP for 6 years.

16. Cindy Ochoa's daily work schedule consists of taking care of household chores in the morning, then shopping, cooking, cleaning, taking care of bills,

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297                                    5

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

tending to the apartment, and performing necessary daily tasks for her disabled son, who lives in an apartment away from her. She accompanies him to appointments and doctor's visits, and tends to his physical and hygienic needs, too. After taking care of her son's daily necessities, she tends to his emotional needs by relaxing with him: watching movies with him, or taking him out to lunch or dinner.

17. Cindy Ochoa is also a mother of a teenage son, who lives at home with her.

18. Cindy Ochoa has never chosen to support SEIU 775. She does not believe that it adequately advocates for her interests to her employer, and she does not support the political, ideological, and social causes it advocates for.

19. Defendant SEIU 775 is the exclusive bargaining representative for IPs, including Ms. Ochoa, in Washington State. Defendant State is her employer and handles her salary. Defendant DSHS administers Ms. Ochoa's salary, and does so under contract with Defendants Public Consulting Group and Public Partnerships LLC, which together operate the Individual ProviderOne payment system (IPOne).

20. Defendant Public Consulting Group ("PCG") is a public sector management consulting and operations firm that partners with governments to provide performance, compliance, costs, and payment systems services to States administering Education, Health, Technology, and other services.

21. PCG focuses primarily on three major market areas. One of these is developing and serving the market for third party services supporting consumer

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

directed care for vulnerable individuals. On information and belief, this market area is PCG's so-called "Health Practice" market area, and includes providing States with solutions on how to manage Individual Providers, such as Cindy Ochoa.

22. As part of PCG's Health Practice, PCG works with States and governments to design systems that allow the State to administer health care services in compliance with laws and regulations and structure business processes.

23. Within its Health Practice, PCG specializes in designing systems for State agencies that administer Medicaid funds. PCG specifically works to design processes for payment and reimbursement of Medicaid funds for personal home care providers, such as Individual Providers, to include:

    a.  Financial management

    b.  Payment and reimbursement

    c.  Cost accounting

    d.  Billing services

    e.  Medicaid Management Information Systems

    f.  Information technology systems

    g.  Business process design

24. PCG designs the programs and systems described in paragraph 23, above.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

25. Defendant Public Partnerships LLC ("PPL") is a subsidiary of PCG. In addition to working with PCG to design PCG's Health Practice systems, above, it is responsible for administering PCG's Health Practice market area. PCG owns more than ten percent (10%) of interests of PPL. ECF No. 22.

26. PPL has a contract with the State/DSHS to provide IP payroll services and processing for the State/DSHS.

27. On information and belief, the systems and protocols that PPL administers are designed, created, and influenced by PCG.

28. On information and belief, PCG works jointly with PPL in executing the contract with the State and DSHS, to provide services both to the State and DSHS, and Individual Providers.

29. On information and belief, as part of its contract with the State, PPL and/or PCG process payments and union dues withdrawals for the State/DSHS, and remit those payments to SEIU 775. PPL and/or PCG process dues withdrawals in accordance with the Collective Bargaining Agreement (CBA) between the State/DSHS and SEIU 775.

30. According to the current CBA in place between State/DSHS and SEIU 775, and RCW 41.56.113, the State causes an appropriate entity to deduct union dues from IPs. On information and belief, this entity is PPL and/or PCG.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

31. However, neither the State, DSHS, nor PPL and/or PCG identify from which IPs dues will be withdrawn. Instead, the union has final authority to determine who has obligated herself to pay union dues, and communicates this to the State/DSHS and PCG and/or PPL.

32. On information and belief, neither the State, DSHS, PCG, nor PPL have any protocol to confirm the union's designation of which IPs dues should be withdrawn from.

33. On information and belief, PCG and PPL will not stop dues withdrawals once started, unless the union gives permission.

34. PCG and/or PPL operate IPOne to provide payroll services to IPs, including Cindy Ochoa. In addition to providing IPs' salaries, IPOne withdraws union dues and responds to complaints regarding payment matters.

35. According to IPone's website, ipone.org, "Washington State has contracted with Public Consulting Group, Public Partnerships LLC (PPL) to provide the following services and support to operate the Individual ProviderOne payment system:

    a.  Local, call center staff who will be able to assist you with your payment questions.

    b.  An Operations Center that will process your timesheets, send paychecks, and mail W2s.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

36. Ipone.org prominently features the following logo:



37. On the bottom of the page, IPs are given a contact email to contact IPOne. The email address is pplwaipone-cs@pcgus.com.

38. On information and belief, "pcgus" stands for "Public Consulting Group US."

39. Ipone.org has a link to the "IPone provider portal." If one enters this portal, one is directed to ipone.publicpartnerships.com/login.aspx. This page prominently features the following logo:



40. In the alternative, PPL operates IPOne using the systems, processes, tools, mechanisms, protocols, personnel training, and other structures essential to the operation of IPOne that PCG has created, designed and/or influenced.

20.41. SEIU 775 and the State have at all times relevant been parties to a Collective Bargaining Agreement (CBA) whereby the State withholds a portion of each IP's salary and remits that portion to SEIU 775 as union dues.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

21.42. In Ms. Ochoa's experience, Defendants have always presumed that IPs waive their right to be free from such payments; Defendants began withdrawing dues automatically from her paycheck when she began working, in 2012.[1]

22.43. When Ms. Ochoa began working as an IP in 2012, dues were automatically withdrawn from her salary. Dues continued to be withdrawn from her salary until July 2014, when Ms. Ochoa exercised her right, recognized in *Harris v. Quinn*, 134 S. Ct. 2618 (2014), to be free from union payments. At that time she objected to Defendants' withdrawal of her dues, and Defendants stopped withdrawing union dues from her salary from July 2014.

23.44. Ms. Ochoa has never communicated to any of the Defendants that she would like to support SEIU 775—either financially or otherwise.

**2016-2017 Violations**

24.45. On May 28, 2016, an SEIU 775 representative named "Vera" arrived on Ms. Ochoa's porch at her home.

---

[1] It is now recognized that this presumption violates the First Amendment. *Janus v. AFSCME, Council 31* 138 S. Ct. 2448 (2018).

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

11

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

25.46. Vera presented Ms. Ochoa with an iPad and told Ms. Ochoa that Ms. Ochoa needed to sign the iPad to verify Ms. Ochoa's contact information with SEIU 775.

26.47. Ms. Ochoa told Vera that she was not interested in signing anything from SEIU 775, since she knew that her information with SEIU 775 was up to date.

27.48. Vera insisted that Ms. Ochoa sign the iPad.

28.49. When Ms. Ochoa refused to sign, Vera became angry and walked away.

29.50. As Vera walk away from the porch, Ms. Ochoa could see that Vera was writing something on the iPad. Ms. Ochoa yelled to Vera "do not change my info!"

30.51. Six months later, in October of 2016, Defendants began withdrawing union dues from Ms. Ochoa's salary. In fact, Ms. Ochoa only noticed this ten months later, in March 2017.

31. As soon as Cindy Ochoa noticed the withdrawals, she began contacting SEIU 775 to have it stop. She was first directed to a customer service line. The woman she spoke with told Ms. Ochoa that SEIU 775 was withdrawing union dues from Ms. Ochoa's salary because Ms. Ochoa had signed a union membership card. Ms. Ochoa informed the woman that she had not, and demanded that she be shown the card.

52. Ms. Ochoa contacted IPOne to have dues stop.

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

12

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

53. Ms. Ochoa called IPOne on May 1, 2017 and requested that dues be stopped. The woman she spoke with (Lisa) told Ms. Ochoa that she (Lisa) would start an order to help Ms. Ochoa, but the call got disconnected.

54. Ms. Ochoa waited and called IPOne again on the same day and requested that IPOne stop withdrawing dues from her. The man she spoke with (Patrick) told her that Lisa had not started an order, and he started one for Ms. Ochoa, order no. 2883469.

55. IPOne personnel did not return a call to Ms. Ochoa. Ms. Ochoa waited for exactly one month and contacted IPOne again.

56. On April 1, 2017, Ms. Ochoa emailed IPOne demanding that they stop withdrawing dues from her salary. She asked that IPOne stop withdrawing dues as soon as possible.

57. IPOne did not respond to Ms. Ochoa. She waited for exactly one month to follow up, contacting IPOne again.

58. On May 1, 2017, Ms. Ochoa again contacted IPOne and demanded that dues stop.

59. That same day, IPOne responded, stating that "you will need to contact the Union… for further assistance."

60. The email sender was "pplwaipone-cs@pcgus.com."

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

61. On the top left corner of the email, the following logo was displayed prominently:



62. In addition, at the top of the message was written: "Public Consulting Group, Inc. Secure Email Message View."

63. The next day, Ms. Ochoa replied and asked IPOne why she had to contact the union. She wrote:

"It is IPOne who started taking Union Dues out of my pay check, why do I need to contact "the Union…." When IPOne took over our pay check processing, in March 2016, there were No Union Dues being taken, because I Opted out …. Why did IPOne start taking Union Dues on October 2016, when they were not taking the dues from March 2016 through September 2016? Money that needs to be reimbursed to date is $300.27, and I would like my money returned from IPOne ASAP, because that's who deducted it, and I still want to know why they deducted it!"

64. IPOne replied two days later, in relevant part:

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

"As the deduction order comes from the union via ETL file, the release request also must come from the union before we can halt."

65. The same logo, header, and email address described above were included in the above email.

66. As soon as Cindy Ochoa realized that IPOne would not help her, she began contacting SEIU 775 to have it stop. She was first directed to a customer service line. The woman she spoke with told Ms. Ochoa that SEIU 775 was withdrawing union dues from Ms. Ochoa's salary because Ms. Ochoa had signed a union membership card. Ms. Ochoa informed the woman that she had not, and demanded that she be shown the card.

32.67. SEIU 775 eventually sent Cindy a copy of the electronic signature and card that Ms. Ochoa had allegedly signed, dated May 28, 2016.

33.68. Ms. Ochoa immediately recognized that the signature was not her own. She again contacted SEIU 775 and demanded that they stop withdrawing dues from her salary, and remit the amount taken from her.

34.69. In June 2017, and after many attempts to have Defendants stop withdrawing dues from her, Adam Glickman, secretary treasurer of SEIU 775, sent Ms. Ochoa a letter. The letter stated that SEIU 775 had previously received a request from Ms. Ochoa to stop payment of dues, but then that SEIU 775 had received a letter requesting that dues re-start. Mr. Glickman's letter admitted that

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

15

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

after reviewing the signature on the recently received card, it was apparent that the electronic signature on the card and other signatures on file for Ms. Ochoa did not match that of the electronic "signature." The letter included a check made out to Ms. Ochoa for $358.94.

35.70. A month later, in July 2017, SEIU 775 sent a second letter to Ms. Ochoa, for an additional $51.12.

36.71. From this point union dues stopped.

37.72. Ms. Ochoa, through her attorney, reported SEIU 775's activity to the Spokane County Prosecutor and Spokane Police Department. As of the drafting of this complaint, no action has been taken.

38.73. Each time Cindy Ochoa contacted Defendants to try to make them stop withdrawing dues from her salary, she would take notes of the time, date and/or person with whom she spoke, and other relevant notes. In her multiple calls to stop Defendants from withdrawing dues from her salary, Ms. Ochoa spent multiple hours on the phone speaking and explaining with SEIU 775, IPone, or other of the Defendants' representatives, on hold waiting to speak with them, or inputting information necessary to speak with them. She spent time noting the dates, times, and details of calls, and the people with whom she has spoken attempting to resolve these issues. She has spent time drafting and sending emails to SEIU 775 officials,

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

and has sent certified letters to SEIU 775 to try to make Defendants stop withdrawing dues from her paycheck.

39.74. The time that she spent trying to protect herself from Defendants detracted from her time tending to the needs of her disabled, adult son, and teenage son. The time that she spent on these issues would delay her work activities, which would cause her to arrive late to assist her son at his home, thereby delaying her care of him. Sometimes she would have to then forgo relaxation and recuperation time with him because she needed to tend to other tasks, which she had been unable to attend to.

40.75. These stresses detracted from her life by draining her mentally and emotionally, and prohibiting her from engaging in other, more fruitful activities, such as providing quality care to her disabled son and family.

41.76. Separate and apart from the collateral consequences of spending time in addressing these matters, she experienced mental and emotional anguish knowing that Defendants were violating her First Amendment rights by using her monies for causes she does not support; she suffered feelings of helplessness knowing that Defendants forged her signature to override her attempt to exercise her First Amendment rights.

42.77. To pursue her legal options, Ms. Ochoa, through her attorney, rejected the checks sent to her by SEIU 775, so she could pursue her legal options.

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

17

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**2018 Violations**

43.78. Less than a year after temporarily ceasing diverting Ms. Ochoa's wages to SEIU 775, Defendants again, in July 2018, began withdrawing dues from Ms. Ochoa's wages.

44.79. As a consequence, Ms. Ochoa again had to contact SEIU 775 representatives numerous times to stop withdrawing dues from her wages.

80. Ms. Ochoa contacted IPOne by phone on July 16, 2018. The woman she spoke could not help her, and said that the problem was "on both sides," which Ms. Ochoa took to mean that IPOne could not fix the problem on its own.

81. IPOne did not contact Ms. Ochoa for a month. During this time Ms. Ochoa contacted SEIU 775 to try to stop them from withdrawing dues from her, too.

82. On August 17, 2018, Ms. Ochoa again contacted IPOne. She was put on hold for a long time, was told by the person she was speaking with that she could not help Ms. Ochoa, and was transferred to someone else within IPOne. This second person also told Ms. Ochoa that she could not help Ms. Ochoa, and Ms. Ochoa was again transferred to someone else within IPOne. Due to her schedule, Ms. Ochoa was unable to continue waiting.

83. Given IPOne and SEIU 775's inability to stop union withdrawals promptly, Ms. Ochoa's counsel informed SEIU 775 of the unconsented-to withdrawals. Dues withdrawals ceased promptly thereafter.

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

18

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

45.84. Defendants withdrew dues from Ms. Ochoa's salary for July and August 2018. They have not fully refunded the monies taken from her.

46.85. Ms. Ochoa has spent multiple hours on the phone speaking to SEIU 775 and other Defendants' representatives, attempting to stop Defendants from violating her rights, and documenting her progress or lack thereof. Each time she calls she must manually submit and confirm her information. There is no continuity between calls, so she must re-explain her situation to SEIU 775 representatives, thereby spending more hours, mental, and emotional energy attempting to stop Defendants' violation of her First Amendment rights.

47.86. Cindy Ochoa has always suffered from headaches. However, since Defendants have begun withdrawing dues again, and over the past two months, her headaches have become more painful, and do not subside. Unlike in the past, when headaches were milder or sporadic, she has recently been developing a migraine every day. Even her teenage son has noticed the change. Her doctor has prescribed medications and massage therapy, but she has been too busy between her disabled son's care, teenage son's needs, and daily chores to schedule an appointment for her health concerns. The time she has spent on the phone and otherwise trying to stop Defendants from violating her First Amendment rights has compounded her inability to tend to her own health needs, and her mental and physical health has suffered as a result.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

# V.    CAUSES OF ACTION

## COUNT I

***Defendants violated Ms. Ochoa's First Amendment rights when it withdrew union dues absent her consent, in fact based on a forged signature, entitling her to remedies pursuant to 42 U.S.C. § 1983 and § 1988.***

~~48.~~87. Ms. Ochoa re-alleges and incorporates by reference the paragraphs set forth above.

~~49.~~88. Cindy Ochoa has the First Amendment right to not pay union dues. *Harris v. Quinn*, 134 S. Ct. 2618 (2014); *Janus v. AFSCME, Council 31,* 138 S. Ct. 2448 (2018).

~~50.~~89. Starting on or about October 2016 and extending through on or about June 2017, Defendants, in concert and under color of law, violated Ms. Ochoa's First Amendment rights by withdrawing union dues from her wages absent her affirmative consent, and in fact based on a signature forged by SEIU 775.

~~51.~~90. Defendant SEIU 775 forged Ms. Ochoa's signature so that it could withdraw union dues from her salary. It also created an environment in which such abuses were likely to occur, and failed adequately to supervise, and failed to corroborate information received from its representatives gathering signatures.

~~52.~~91. The State and DSHS relied on SEIU 775 for information designating those individuals who supposedly were members of the union, and failed

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

20

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

adequately to require the union to protect the First Amendment rights of its employees.

53.92. Public Consulting Group and Public Partnerships LLC, in operating IPOne, relied on SEIU  775 and/or the State and DSHS to determine which individuals consented to waive their First Amendment rights, without requiring any corroboration or verification that individuals waived those rights by clear and convincing evidence.

93. PCG and/or PPL, in operating IPOne, stopped deducting dues from Ochoa after she objected in 2014, and Ms. Ochoa never waived her constitutional rights or asked IPOne to begin deductions.

94. Subsequently in 2016 IPOne begin withdrawing and remitting union dues to SEIU 775, despite never receiving a constitutional waiver from Ms. Ochoa after her objection in 2014.

54.95. Defendants collectively set up and operated a system designed to avoid accountability which permitted and encouraged the violation of the constitutional rights of state employees.

96. PCG and PPL were willful participants engaging in concerted action with the State, withdrawing union dues from Ms. Ochoa's salary, in fact withdrawn absent Ms. Ochoa's consent.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

55.97. This violation of Ms. Ochoa's First Amendment rights harmed her in that she:

    i.  was prevented from exercising her right and privilege as a citizen to be free from paying for union activities;

    ii.  suffered monetary damages in the amount of the forced fees that have been illegally seized from her;

    iii.  spent numerous hours on the phone with SEIU representatives, sending emails, mailing letters, and otherwise trying to determine the cause of the withdrawals and how to stop them;

    iv.  spent mental and emotional energy on attempting to determine the cause of the First Amendment violation, and stopping it, this loss of energy detracting from her execution of her responsibilities, enjoyment of leisure activities, and enjoyment of life;

    v.  was caused mental pain, anguish, and stress knowing that her money was being used for causes which she does not support while she was powerless to stop it;

    vi.  suffered the irreparable harm, damage, and injury for which there is no adequate remedy at law that is inherent in the violation of First Amendment rights.

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

22

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

56.98. Ms. Ochoa seeks reimbursement, plus interest, of the money taken from her, general damages, and punitive damages for a violation of her First Amendment rights, under 42 U.S.C. § 1983, plus interest at the maximum rate allowed by law. Defendants, acting under color of law, knowingly, recklessly, or because of callous indifference, deprived her of her First Amendment right to be free from union dues payments. Ms. Ochoa is entitled to costs and reasonable attorneys' fees under 42 U.S.C. § 1988.

## COUNT II

***Defendants violated Ms. Ochoa's First Amendment rights when again in 2018 they withdrew union dues from her wages, this after Janus reaffirmed her First Amendment rights, and after they knew of her objecting status***

57.99. Cindy Ochoa re-alleges and incorporates by reference the paragraphs set forth above.

58.100. Starting on or about July 2018 and continuing through the present, Defendants, in concert and under color of law, have violated Ms. Ochoa's First Amendment rights by withdrawing union dues from Ms. Ochoa's wages.

101. PCG and/or PPL, in operating IPOne, stopped deducting dues from Ochoa after she objected in 2014, and Ms. Ochoa never waived her constitutional rights or asked IPOne to begin deductions.

102. Subsequently in 2018 IPOne begin withdrawing and remitting union dues to SEIU 775, despite never receiving a constitutional waiver from Ms. Ochoa after

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

her objection in 2014, and her subsequent objection in 2017 after the violation in 2016 and 2017.

103. IPOne never asked for Ms. Ochoa's permission to deduct dues, instead it withdrew dues for no apparent reason at all.

104. PCG and PPL were willful participants in joint action with the State and DSHS, engaging in concerted action and in close nexus with them to withdraw union dues from Plaintiff's salary, which was in fact done absent her consent.

~~59.~~105. This violation harms and continues to harm Ms. Ochoa as set forth above, and, additionally, she has been harmed in that she:

      i. has experienced a deterioration of health and well-being, in the form of consistent and progressively intense migraines, caused in part by the stress, anxiety, and mental strain associated with having her First Amendment rights repeatedly violated, and trying to remedy such violation.

~~60.~~106. Ms. Ochoa seeks reimbursement, plus interest at the maximum rate allowed by law, of the money taken from her, and general damages for the violation of her First Amendment rights, under 42 U.S.C. § 1983.

~~61.~~107. The non-State Defendants, acting under color of law, knowingly, recklessly, or because of callous indifference, deprived her of her First Amendment right to be free from union dues payments. They are liable for punitive damages.

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

24

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

62.109. Ms. Ochoa is also entitled to costs and reasonable attorneys' fees under 42 U.S.C. § 1988.

## COUNT III

### *Declaratory Judgment on Counts I and II*

63.109. Ms. Ochoa seeks declaratory judgment that Defendants violated her First Amendment rights by withdrawing union dues without her consent.

64.110. She has suffered the irreparable harm, damages, and injury inherent in the violation of First Amendment rights.

65.111. This is a case of actual controversy for which there is no adequate remedy at law and Ms. Ochoa seeks declaration of her rights.

66.112. Ms. Ochoa seeks such other further necessary or proper relief, to include injunction, as the Court deems just under 28 U.S.C. §§ 2201 and 2202.

## COUNT IV

### *Defendants failed to provide minimal procedural due process to protect Ms. Ochoa's rights*

67.113. Ms. Ochoa re-alleges and incorporates by reference the paragraphs set forth above.

68.114. Public employees have a property interest in the wages they have earned. They also have a liberty interest protected by the First Amendment not to have their wages diverted to union coffers.

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

25

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

69.115. As such, unions that withdraw dues from public employees' wages, and the government employers that withdraw such dues on unions' behalf, must abide by adequate procedural due process safeguards to protect employees' rights.

116. Similarly, the entities which withdraw dues on behalf of the union and the government employers, must abide by adequate procedural due process safeguards to protect employees' rights.

70.117. Defendants breached this duty by engaging in a pattern and practice of indifference towards IPs' First Amendment right to be free from forced payment of union dues in that it failed to adequately train, vet, monitor, or otherwise instruct union personnel in such a manner as to avoid violating First Amendment rights, and in fact created an environment likely to violate such rights. This breach of duty lead to the forgery of Ms. Ochoa's signature and subsequent violation of her rights.

71.118. Defendants breached this duty by wrongfully withdrawing dues from Ms. Ochoa's wages without her consent, thereby violating her rights.

72.119. Defendants breached this duty by failing to promptly and timely remedy the violation by stopping all dues withdrawals and restoring Ms. Ochoa's monies to her.

73.120. These breaches harmed Ms. Ochoa as set forth above.

121. PCG and PPL partnered with the State and DSHS to design and implement the State's *entire* payroll processing system, procedure, and process, to include the

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

26

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

protocols for withdrawing union dues and responding to complaints regarding the same.

122. By doing so, PCG and PPL were willful participants in joint action with the State and DSHS, engaging in concerted action and in close nexus with the same.

74.123. By failing to employ adequate procedural safeguards sufficient to protect Ms. Ochoa's interests, Defendants deprived Ms. Ochoa of her constitutional rights and caused her unnecessary mental anguish, and other harm.

75.124. Defendants, acting under color of law, knowingly, recklessly, or because of callous indifference, deprived her of her First Amendment right to be free from supporting a union with which she has fundamental and profound disagreements.

76.125. Defendants injured Ms. Ochoa; she seeks damages under 42 U.S.C. § 1983 and is entitled to costs and reasonable attorneys' fees under 42 U.S.C. § 1988.

## COUNT V

***Defendants failed to observe procedural safeguards by employing a procedure whereby the union, a self-interested party, dictates to the State when to withdraw union dues***

77.126. Ms. Ochoa re-alleges and incorporates by reference the paragraphs set forth above.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

78.127. Unions and government employers withdrawing union dues from public employees must abide by minimum procedural safeguards to withdraw such dues.

128. Entities-even private entities-that partner with the State and withdraw union dues must observe procedural safeguards to prevent unlawful deductions, and safeguard constitutional rights as articulated by the United State Supreme Court in *Chicago Teachers Union, Local No. 1, AFT, AFL-CIO v. Hudson*, 475 U.S. 292, 106 S. Ct. 1066 (1986).

79.129. Defendants engaged and engage in a procedure whereby the union, an interested party, dictates to the government employer from whom the employer will withdraw union dues on the union's behalf. In other words, the State does not employ *any* safeguards in withdrawing dues, since it relies entirely on the union to represent to it from whom it should withdraw dues. Thus, beyond failing to employ any safeguards, the State intentionally, or in the alternative recklessly or callously, jeopardizes employee's rights by relying on a self-interested party to execute the dues withdrawal process. This procedure cannot satisfy the procedural due process requirements.

130. The principles behind the Supreme Court's procedural safeguards decision in *Hudson* at 308, are clear that the procedures cannot be within the power and control of a self-interested party-the union.

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

28

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

80.131. Ms. Ochoa's experience demonstrates that union violations will recur, even after the United States Supreme Court issues an opinion as strongly worded as *Janus*, and even after they have been put on notice, as in the case of Ms. Ochoa.

81.132. Ms. Ochoa fears that violations like the ones she has already experienced will occur again so long as this procedure remains in place.

133. Under IPOne's current procedure, it is apparently acceptable to fail to take prompt corrective action for months on end, while Ms. Ochoa had no option other than to simply continue objecting to the very parties who have a pecuniary interest in violating her First Amendment right against compelled political speech.

82.134. Ms. Ochoa seeks declaratory and injunctive relief declaring that the dues withdrawal procedure engaged in by Defendants whereby the employer relies on the union's representations to withdraw dues fails to meet minimum procedural safeguard requirements to protect her First Amendment rights and property interest in her wages, and ordering Defendants to cease abiding by such procedure.

135. Procedural safeguards are necessary under a post-*Janus* framework to "insure that the government treads with sensitivity in areas freighted with First Amendment concerns," *Hudson*, 475 U.S. at 303, fn. 12, because the Supreme Court now recognizes that forcing nonunion employees to pay union dues is compelled speech. The State, DSHS, and PPL and PCG, which are engage in joint

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

action to withdraw union dues from IPs, failed to failed to employ or abide by any such safeguards.

83.136. This is a case of actual controversy for which there is no adequate remedy at law and she seeks declaration of her rights.

84.137. She seeks such other further necessary or proper relief, to include injunction, as the Court deems just, all under 28 U.S.C. §§ 2201 and 2202.

## COUNT VI

### *Declaratory Judgment on Count IV and V*

85.138. Ms. Ochoa re-alleges and incorporates by reference the paragraphs set forth above.

86.139. Ms. Ochoa seeks declaratory judgment that Defendants violated her First Amendment rights by failing to employ and abide by procedural due process safeguards protecting her rights.

140. Ms. Ochoa seeks declaratory judgment that PCG and PPL, two private entities, acted under color of law when they deducted union dues because of the contractual relationship they have with the State and due to being willful participants in joint action with the State or its agents.

87.141. She has suffered the irreparable harm, damages, and injury inherent in the violation of First Amendment rights.

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

30

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

88.142. This is a case of actual controversy for which there is no adequate remedy at law and Ms. Ochoa seeks declaration of her rights.

89.143. Ms. Ochoa seeks such other further necessary or proper relief as the Court deems just under 28 U.S.C. §§ 2201 and 2202.

## COUNT VII

***SEIU 775 committed the tort of outrage, or intentional infliction of emotional distress, under Washington law, when it forged Ms. Ochoa's signature and wrongfully withdrew union dues, and then, again, wrongfully withdrew dues***

90.144. Ms. Ochoa re-alleges and incorporates by reference the paragraphs set forth above.

91.145. SEIU 775 forged Ms. Ochoa's signature on a union dues deduction card, thereby not only wrongfully seizing her money for the period of time during which she was committed under the contract, but thereby also committing her to a continuing violation of her First Amendment rights so long as the contract was enforced against her. It admitted its wrongdoing when challenged, and ceased withdrawing dues for a time. It then began withdrawing dues from Cindy Ochoa again at a later date—all in violation of her First Amendment rights.

92.146. Ms. Ochoa states a claim that satisfies these three elements.

93.147. Defendants' conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Lyons v. U.S. Bank*

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

31

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

*Nat. Ass'n*, 181 Wn.2d 775, 792, 336 P.3d 1142, 1151 (2014). Forging a signature to commit someone to paying membership dues is "so outrageous, and so extreme" that it is "utterly intolerable" in a civilized society. Just forging someone's signature to commit that person to a year-long financial commitment against that person's will, alone, would satisfy this element even in the absence of a First Amendment violation. Where, as here, the violation is also a constitutional one, the conduct is doubly egregious.

94.148. SEIU 775 acted intentionally when its agent purposefully and knowingly forged Ms. Ochoa's signature for SEIU 775's gain. It acted recklessly by dispatching an agent to Ms. Ochoa's home and failing to adequately train, supervise, and monitor its agent to avoid such violations. SEIU 775 also contributed to such violations by incentivizing the gathering of signatures. Finally, SEIU 775 acted intentionally, or in the alternative recklessly, when it withdrew union dues from Ms. Ochoa's salary a second time, even after it was put on notice that Ms. Ochoa objected to supporting SEIU 775.

95.149. Ms. Ochoa in fact suffered severe emotional distress when SEIU 775 forged her signature and seized her money for its political purposes, then did it again less than a year later. The appropriation of her money for political purposes she disagrees with caused her anxiety, stress, and unhappiness. She struggled with feelings of powerlessness and meaninglessness when, after repeated attempts, she

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

was unable to stop SEIU 775 from taking dues from her. These feelings distracted and detracted from her ability to perform daily tasks and duties for her disabled son, for whom she is a caregiver, and teenage daughter. The repeated need to contact SEIU 775 representatives to free her from dues payments used valuable time that she would have otherwise used in a productive manner, thereby contributing to feelings of frustration, anger, and despondency. These feelings and stresses also caused, or contributed to, the exacerbation of her headaches, culminating into consistent migraines.

96.150. Ms. Ochoa seeks general and punitive damages for the severe emotional distress she suffered from SEIU 775's conduct.

## COUNT VIII

### *Defendants willfully withheld wages under RCW 49.52.050*

97.151. Ms. Ochoa re-alleges and incorporates by reference the paragraphs, above.

98.152. Any employer, including an elected public official, who willfully and with intent to deprive the employee of any part of her wages in fact pays an employee a lower wage than the employer is obligated to pay, shall be guilty of a misdemeanor. RCW 49.52.050(2).

99.153. Any employer, officer, or agent who violates RCW 49.52.050(2) shall be liable in a civil action for twice the amount of wages unlawfully withheld by

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297

33

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

way of exemplary damages, together with costs and reasonable attorney's fees. RCW 49.52.070.

100.154. Defendant State, in concert with the other Defendants, willfully withheld wages from Cindy Ochoa when it withheld union dues from her wages without authorization.

155. Defendants, PCG and PPL, willfully and in concert with other Defendants, in fact deducted union dues from Plaintiff's salary, and was in sole control of all wages for Individual Providers, like Ms. Ochoa.

101.156. Cindy Ochoa seeks statutory reimbursement, damages, exemplary damages, interest at the maximum rate allowed by law, and costs and reasonable attorneys' fees under RCW 49.52.070.

## VI.  PRAYER FOR RELIEF

Wherefore, Plaintiffs request that this Court:

102.157. Order Defendants to restore illegally seized funds, with interest at the maximum rate allowed by law, to Ms. Ochoa, under 42 U.S.C. § 1983.

103.158. Award general and punitive damages for violation of constitutional rights, under 42 U.S.C. § 1983.

104.159. Award damages for the severe emotional distress that SEIU 775 caused to Ms. Ochoa under the tort claim of outrage.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

105.160. Award statutory damages, reimbursement, exemplary interests, interest to the maximum allowed by law, and reasonable costs and attorneys' fees under RCW 49.52.070.

106.161. Enter declaratory judgment that Defendants violated Ms. Ochoa's First Amendment rights by withdrawing union dues against her will, in part based on a forged signature, and grant all other necessary and proper relief based upon declaratory judgment. 28 U.S.C. §§ 2201 and 2202.

107.162. Enter declaratory judgment that Defendants failed to observe procedural safeguards necessary to protect Ms. Ochoa's First Amendment rights by creating an environment conducive to such violations. 28 U.S.C. §§ 2201 and 2202.

108.163. Enter declaratory judgment that Defendants failed to observe procedural safeguards necessary to protect Ms. Ochoa's First Amendment rights by allowing the union, a self-interested party, to inform the employ as to from whom to withdraw union dues. 28 U.S.C. §§ 2201 and 2202.

109.164. Enjoin Defendants from engaging in a practice whereby the government relies upon the union to trigger union dues withdrawals. 28 U.S.C. §§ 2201 and 2202.

110.165. Award costs and reasonable attorneys' fees, under 42 U.S.C. § 1988.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1   ~~111.~~166. Order all other appropriate relief as the Court may deem just and

2   proper.

3

4

5       Dated: ~~Sept.~~April ~~24~~4, 201~~9~~8

6

7   By:

8   s/ Caleb JF Vandenbos _____
    Caleb Jon F. Vandenbos, WSBA #50231

9   Sydney Phillips, WSBA #54295
    CVandenbos@freedomfoundation.com

10  SPhillips@freedomfoundation.com

11  FREEDOM FOUNDATION
    P.O. Box 552,

12  Olympia, WA 98507-9501
    T: 360.956.3482

13  F: 360.352.1874

14

15

16

17

18

19

20

21

22

23

FIRST AMENDED COMPLAINT
NO. 2:18-cv-00297                    36

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874