UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CINDY ELLEN OCHOA, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 775, an unincorporated labor association, *et al.*,<br><br>　　　　　　Defendants. | NO. 2:18-CV-0297-TOR<br><br>ORDER GRANTING DEFENDANT PUBLIC CONSULTING GROUP, INC.'S MOTION TO DISMISS AND PUBLIC PARTNERSHIPS LLC'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Public Consulting Group, Inc.'s Motion to Dismiss (ECF No. 19), and Defendant Public Partnerships LLC's Motion to Dismiss (ECF No. 20). The Motions were submitted for consideration with oral argument. The Court held a hearing on April 9, 2019 in Spokane, Washington. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Motions (ECF Nos. 19; 20) are **granted**.

## BACKGROUND

The instant suit involves alleged wrongful withholding of union dues from Plaintiff Cindy Ellen Ochoa's wages. Ochoa is an "Individual Provider" ("IP") who provides "in-home health care services to her disabled son, under RCW 74.39A." ECF No. 1 at 2, ¶ 3. As an IP, Ochoa is employed by Governor Jay Inslee (the "State") and is "classified as a public employee for collective bargaining purposes under RCW 41.56." ECF No. 1 at 2-3, ¶ 3.

Defendants Public Partnerships LLC ("PPL") and Public Consulting Group, Inc. ("PCG") (collectively, "Public"[1]) provide payroll services to the State[2], which include processing the payment of wages and related withholdings and deductions for IPs. ECF No. 1 at 4, ¶ 9, 7, ¶ 19; *see* ECF No. 19 at 2. As part of a collective bargaining agreement between the State and Service Employees International Union Local 775 ("SEIU 775"), the State directs Public to deduct union dues from

---

[1] Generally, the distinction between PPL and PCG is not material to resolution of these motions to dismiss.

[2] Plaintiff asserts both PPL and PCG provide the services under contract with Washington Department of Social and Health Services ("DSHS"). PCG asserts they are not a party to the contract. This dispute is not material to resolution of these motions to dismiss.

ORDER GRANTING DEFENDANT PUBLIC CONSULTING GROUP, INC.'S MOTION TO DISMISS AND PUBLIC PARTNERSHIPS LLC'S MOTION TO DISMISS ~ 2

the IP's wages and remit the funds to SEIU 775. ECF No. 1 at 3, ¶ 4. Apparently, the State "relies entirely" on SEIU 775 for determining from whom dues should be withdrawn and SEIU 775 directly provides the information to Public, who processes the information accordingly. ECF No. 1 at 13, ¶¶ 52-53, 19, ¶ 79; *see* ECF No. 36 at 19-20, ¶ 64 (clarifying Public receives a "deduction order [] from the union").

When Ochoa first began working as an IP in 2012, union dues were automatically deducted from every IP's pay. *See* ECF No. 1 at 7, ¶ 21. However, in 2014, the Supreme Court in *Harris v. Quinn*, 573 U.S. 616, 648-49 (2014) recognized non-union member IPs cannot be compelled to pay union dues. In light of this, Ochoa objected to the withdrawal of dues in July 2014; the withdrawals stopped at that time. ECF No. 1 at 7, ¶ 22. Ochoa does not complain about these initial withdrawals.

1. **First alleged violation: 2016-2017 withdrawals**

In October 2016 "Defendants began withdrawing union dues" from her pay, but "Ochoa only noticed this ten months later, in March 2017." ECF No. 1 at 8, ¶ 30. "As soon as [] Ochoa noticed the withdrawals, she began contacting SEIU 775

to have it stop." ECF No. 1 at 8, ¶ 31.[3] Ochoa "was first directed to a customer service line" and "[t]he woman [Ochoa] spoke with told [her] that SEIU 775 was withdrawing union dues from [her] salary because [she] had signed a union membership card." ECF No. 1 at 8, ¶ 31. "Ochoa informed the woman that she had not, and demanded that she be shown the card." ECF No. 1 at 8, ¶ 31. "SEIU 775 eventually sent [Ochoa] a copy of the electronic signature and card that [she] had allegedly signed, dated May 28, 2016." ECF No. 1 at 8, ¶ 32.

"Ochoa immediately recognized that the signature was not her own [and] again contacted SEIU 775 and demanded that they stop withdrawing dues from her salary, and remit the amount taken from her." ECF No. 1 at 8, ¶ 33. "In June 2017, and after many attempts to have Defendants stop withdrawing dues from her, Adam Glickman, secretary treasurer of SEIU 775, sent Ms. Ochoa a letter" recognizing the electronic signature dated May 28, 2016 did not match her signature. Included with the letter was a check made out to Ms. Ochoa for $358.94. A month later, in July 2017, SEIU 775 sent a second letter to Ms. Ochoa, for an additional $51.12. ECF No. 1 at 9, ¶¶ 34-35. "Ochoa, through her attorney,

---

[3] In Plaintiff's proposed amended complaint, Ochoa alleges she spoke with Public multiple times and Public employees eventually told her that she needed to speak with SEIU 775 to stop the withdrawals. ECF No. 36 at 18, ¶¶ 53-59.

ORDER GRANTING DEFENDANT PUBLIC CONSULTING GROUP, INC.'S MOTION TO DISMISS AND PUBLIC PARTNERSHIPS LLC'S MOTION TO DISMISS ~ 4

rejected the checks sent to her by SEIU 775, so she could pursue her legal options." ECF No. 1 at 11, ¶ 42. "From this point union dues stopped." ECF No. 1 at 9, ¶ 35.

Ochoa asserts a representative from SEIU 775 forged her signature. ECF No. 1 at 2, ¶ 1. Ochoa recalls that, "[o]n May 28, 2016, an SEIU 775 representative named 'Vera' arrived on [her] porch at her home." ECF No. 1 at 7, ¶ 24. "Vera presented Ms. Ochoa with an iPad and told [her] that [she] needed to sign the iPad to verify [her] contact information." ECF No. 1 at 7, ¶ 25. Ochoa declined the request, but Vera "insisted" Ochoa sign. ECF No. 1 at 8, ¶¶ 26-27. "When Ms. Ochoa refused to sign, Vera became angry and walked away." ECF No. 1 at 8, ¶ 28. "As Vera walk away from the porch, Ms. Ochoa could see that Vera was writing something on the iPad. Ms. Ochoa yelled to Vera 'do not change my info!'" ECF No. 1 at 8, ¶ 29.

2. **Second alleged violation: 2018 withdrawal**

Ochoa alleges that "[l]ess than a year after temporarily ceasing diverting Ms. Ochoa's wages to SEIU 775, Defendants again, in July 2018, began withdrawing dues from Ms. Ochoa's wages." ECF No. 1 at 11, ¶ 43. According to Ochoa, "Defendants withdrew dues from [her] salary for July and August 2018 [and] have not fully refunded the monies taken from her." ECF No. 1 at 11, ¶ 45. "As a consequence, Ms. Ochoa again had to contact SEIU 775 representatives numerous

times to stop withdrawing dues from her wages." ECF No. 1 at 11, ¶ 43. Ochoa does not allege any facts related to what gave rise to these withdrawals.

### 3. **Procedural history**

Ochoa brought this suit on September 24, 2018 against SEIU 775, PCG, PPL, Cheryl Strange, in her capacity as secretary of the DSHS, and Jay Inslee, in his capacity as Governor of the State of Washington. ECF No. 1 at 1. In "Count I" and "Count II", Ochoa alleges "Defendants violated [her] First Amendment rights when it withdrew union dues absent her consent" in 2016-2017 and 2018, respectively, and seeks damages under 42 U.S.C. § 1983 and costs and attorney's fees under 42 U.S.C. § 1988. ECF No. 1 at 12 (heading; emphasis removed); 15, ¶ 56. In "Count III", Ochoa requests a "declaratory judgment that Defendants violated her First Amendment rights by withdrawing union dues without her consent" and seeks "proper relief, to include [an] injunction[.]" ECF No. 1 at 16, ¶ 63. In Count IV, Ochoa alleges that "Defendants failed to provide minimal procedural due process to protect Ms. Ochoa's rights" and seeks damages under 42 U.S.C. § 1983 and costs and attorney's fees under 42 U.S.C. § 1988. ECF No. 1 at 17 (heading; emphasis removed), 18, ¶ 76. In "Count V", Ochoa requests "declaratory and injunctive relief declaring that the dues withdrawal procedure . . . fails to meet minimum procedural safeguard requirements to protect [Ochoa's rights] . . . and ordering Defendants to cease abiding by such procedure." ECF No.

1 at 19, ¶ 82. In "Count VI", Ochoa "seeks declaratory judgment that Defendants violated her First Amendment rights by failing to employ and abide by procedural due process safeguards protecting her rights" and "other further necessary or proper relief[.]" ECF No. 1 at 20, ¶¶ 86, 89. In "Count VII", Ochoa alleges SEIU 775 is liable for the tort of outrage when it forged Ochoa's signature in order to wrongful procure union dues. ECF No. 1 at 20 (heading). In Count "VIII", Ochoa asserts "Defendants willfully withheld wages und RCW 49.52.050[.]" ECF No. 1 at 23 (heading; emphasis removed).

PCG and PPL brought nearly identical motions to dismiss (ECF Nos. 19; 20). Ochoa opposes the Motions. ECF No. 28. Defendants Cheryl Strange and Jay Inslee do not object to the Motions. ECF No. 27. These Motions are now before the Court.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." "The burden of demonstrating that no claim has been stated is upon the movant." *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988).

A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding, the Court may consider the plaintiff's allegations and any "documents incorporated into the complaint by reference . . . ." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citation omitted). While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]"the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences [] to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Defendants PPL and PCG submitted separate, but very similar, motions to dismiss requesting the Court dismiss all of Ochoa's claims against them. PPL and PCG argue Ochoa has failed to allege a plausible claim against PPL and PCG under 42 U.S.C. § 1983 and under RCW 49.52.070. The Court agrees.

**A. <u>RCW 49.52.070</u>**

Ochoa alleges that "Defendant State, in concert with the other Defendants, willfully withheld wages from Cindy Ochoa when it withheld union dues from her wages without authorization." ECF No. 1 at 23, ¶ 100. Specifically, Ochoa asserts

that Public is liable for unlawful wage withholdings under RCW 49.52.050. ECF No. 228 at 19-20. Public argues Ochoa's state claim fails because Ochoa did not allege facts suggesting Public *willfully* withheld wages. ECF No. 19 at 11-13; 20 at 11-13. Public is correct.

Pursuant to RCW 49.52.050(2, "[a]ny employer or officer, vice principal or agent of any employer . . . who . . . [w]illfully and with intent to deprive the employee of any part of his or her wages . . . pay any employee a lower wage" than he or she is entitled to is "guilty of a misdemeanor." RCW 49.52.050. Said actors are also subject to civil liability "for twice the amount of the wages unlawfully . . . withheld . . . , together with costs of suit and a reasonable sum for attorney's fees[.]" RCW 49.52.070. "Under RCW 49.52.050(2), a nonpayment of wages is willful when it is not a matter of mere carelessness, but the result of knowing and intentional action." *Ebling v. Gove's Cove, Inc.*, 34 Wash. App. 495, 500 (1983) (citation omitted). The actor's "genuine belief that he is not obligated to pay certain wages precludes the withholding of wages from falling within the operation of RCW 49.52.050(2) and 49.52.070." *Id.* (citation omitted).

Here, Ochoa concedes in her Complaint that Public "relied on SEIU 775 and/or the State and DSHS to determine which individuals consented to waive their First Amendment rights, without requiring any corroboration or verification that individuals waived those rights by clear and convincing evidence." ECF No. 1

ORDER GRANTING DEFENDANT PUBLIC CONSULTING GROUP, INC.'S MOTION TO DISMISS AND PUBLIC PARTNERSHIPS LLC'S MOTION TO DISMISS ~ 9

at 13, ¶ 53. Ochoa does not allege facts suggesting Public had the intent to deprive Ochoa of her pay, nor does Ochoa allege any facts suggesting Public did not have a good faith belief that it was obligated to withhold wages pursuant to its contract with – and the directions of – the State.[4] Rather, based on Ochoa's own Complaint (ECF No. 1), Public merely cut checks based on the information provided to them in accordance with the directions of the State. As such, Ochoa has failed to state a claim against Public based under RCW 49.52.070. *Ebling*, 34 Wash. App. at 500.

**B. 42 U.S.C. § 1983**

Ochoa argues that because Public, in fact, (1) withdrew union dues without Ochoa's consent, *see* ECF No. 28 at 5-6, and (2) rely on the State or SEIU 775 to determine whether union dues should be withdrawn (without independently verifying such), ECF No. 28 at 6-12, Public is liable under 42 U.S.C. § 1983 (and

---

[4] In reference to the 2016-2017 violations, Ochoa argues that "[d]espite [her] repeated attempts to make [Public] stop, it took [Public] 10 months to stop the dues deductions." ECF No. 28 at 3. This contradicts Ochoa's other allegations. Ochoa stated in her complaint that she *became aware* of the deductions in May 2017 (after 10 months of dues had been withdrawn) and that the withdrawals stopped in June or July of 2017 after SEIU 775 recognized the alleged forgery. ECF No. 1 at 8, ¶ 30, 9, ¶ 34. This leaves one or two months of a potential delay.

ORDER GRANTING DEFENDANT PUBLIC CONSULTING GROUP, INC.'S MOTION TO DISMISS AND PUBLIC PARTNERSHIPS LLC'S MOTION TO DISMISS ~ 10

42 U.S.C. § 1988 based on their presumed 1983 claim), ECF No. 28 at 12-19. This grossly oversimplifies the requirements of articulating a Section 1983 action.

Title 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

"The terms of § 1983 make plain two elements that are necessary for recovery." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). "First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States." *Id.* "Second, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" *Id.*

42 U.S.C. 1983 applies to "[e]very person who subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights . . . secured by the Constitution and laws . . . ." By the plain language, a party is only liable under Section 1983 for "their *own* illegal acts"; there is no vicarious liability. *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. Cincinnati,* 475 U.S. 469, 479 (1986)). This requires more than establishing the actor is a "but-for" cause of the constitutional violation. *See Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*,

520 U.S. 397, 410 (1997). "In order for a private individual to be liable for a § 1983 violation when a state actor commits the challenged conduct, the plaintiff must establish that the private individual was the proximate cause of the violations." *Franklin*, 312 F.3d at 445 (citation omitted). "[A]bsent some showing that a private party had some control over state officials' decision [to commit the challenged act], the private party did not proximately cause the injuries stemming from [the act]." *Id.* at 446 (brackets in original) (quoting *King v. Massarweh,* 782 F.2d 825, 829 (9th Cir. 1986)).

Among other deficiencies, the Court finds Plaintiff has not alleged facts suggesting Public was the proximate cause of the alleged constitutional deprivations. Even assuming Public acted under color of law in providing payroll services under a contract with the State – a dubious proposition that would convert every contractor into a state actor – Public was merely an instrument of the alleged deprivation that was caused by the State and/or SEIU 775.

Here, Ochoa complains that the 2016-2017 violations occurred as a result of a forgery and Public's alleged failure to verify the information provided by SEIU 775. Ochoa does not allege any facts regarding the 2018 violation. Ochoa misses the forest for the trees in determining who actually caused the alleged constitutional violations. Public did not forge Ochoa's signature—an agent of SEIU 775 purportedly did. Public did not establish the mechanism for processing

the information—the State (or DSHS) did. The State is Ochoa's employer. The State hired Public – a private company – to provide payroll services. The State determined from whom Public would receive the necessary information. And, ultimately, it was the State that withheld the funds by directing Public to process information as provided by SEIU 775. While Public was the instrument in directing payments, the complained of conduct is attributable to the State and/or SEIU 775, not Public. *See Mendez v. Cty. of Los Angeles*, 897 F.3d 1067, 1074 (9th Cir. 2018) ("we must first determine *what act or omission constituted the breach of duty*, and then ask whether that act or omission was the but-for *and proximate* cause of the plaintiff's injuries" (emphasis own)); *Craine v. Oliver Chilled Plow Works*, 280 F. 954, 957 (9th Cir. 1922) ("The causes that are merely incidental or instruments of a superior or controlling agency are not the proximate causes and the responsible ones, though they may be nearer in time to the result. It is only when the causes are independent of each other that the nearest is, of course, to be charged with the disaster." (quoting *Aetna Ins. Co. v. Boon*, 95 U.S. 117, 130 (1877))).

      Notably, Ochoa has failed to provide any case law demonstrating liability in similar circumstances, nor has Ochoa provided any case law demonstrating private payroll services must independently investigate the veracity of the information or otherwise implement procedures to ferret out forgeries and other incorrect

information. It appears to be the State's responsibility to pay its employees their fair wages; it is not Public's responsibility to ensure the State is providing proper information, at least where the State did not specifically assign such responsibility to Public.

Accordingly, the Court finds Ochoa has failed to state a claim against Public because the facts, as alleged, demonstrate Public was not the proximate cause of Ochoa's alleged constitutional deprivations. Plaintiff's constitutional claims – along with the related requests for declaratory actions – must be dismissed.

## C. Leave to Amend

The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). The standard for granting leave to amend is generous.

Here, Plaintiff has also sought leave to amend within the time constraints of the Court's Scheduling Order, ECF No. 36, yet briefing on the motion has not been completed. Because the Court cannot categorically rule out the possibility that amendment could cure the defects, Ochoa must be granted leave to amend the Complaint. The Court also observes that the proposed First Amended Complaint, ECF No. 36 at 6-41, does not cure the noted deficiencies.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Public Consulting Group, Inc.'s Motion to Dismiss (ECF No. 19) is **GRANTED** without prejudice.

2. Defendant Public Partnerships LLC's Motion to Dismiss (ECF No. 20) is **GRANTED** without prejudice.

3. Plaintiff may submit a First Amended Complaint within **twenty (20) days** of the date of this Order.

4. Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 36, is **DENIED** as moot.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** April 15, 2019.



THOMAS O. RICE
Chief United States District Judge