UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CINDY ELLEN OCHOA, an individual,<br><br>                Plaintiff,<br><br>    v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 775, an unincorporated labor association, *et al.*,<br><br>                Defendants. | NO. 2:18-CV-0297-TOR<br><br><br>ORDER GRANTING DEFENDANT PUBLIC CONSULTING GROUP, INC., AND PUBLIC PARTNERSHIPS LLC'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Public Consulting Group, Inc., and Defendant Public Partnerships LLC's Joint Motion to Dismiss (ECF No. 43). The Motion was submitted for consideration without a request for oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Motion (ECF No. 43) is **granted**.

# BACKGROUND[1]

This case arises out of the alleged wrongful withholding of union dues from Ms. Cindy Ochoa's paycheck. In short, Ochoa is an employee of the State of Washington. Defendants Public Consulting Group, Inc., and Public Partnership, LLC, (collectively PCG/PPL[2]) provide payroll services on behalf of the State. As part of the service, PCG/PPL withhold union dues and remit them to the Service Employees International Union Local 775 (SEIU 775). Pursuant to the State's direction, PCG/PPL rely entirely on SEIU 775 in determining from whom dues should be withheld. *See* ECF No. 39 at 9, ¶¶ 50-52. In other words, as the Court previously observed, PCG/PPL, provide passive payroll services based on the information given to them.

The Court recently granted PCG/PPL's Motion to Dismiss for failure to state a claim. ECF No. 38. Plaintiff submitted an Amended Complaint (ECF No. 39) and Defendants now renew their request for dismissal (ECF No. 43).

---

[1] Given the underlying substance of the allegations is detailed in this Court's previous Order Granting Defendants' Motion to Dismiss (ECF No. 38), the Court need not recount them here.

[2] For the purposes of this Order, the distinction between PCG and PPL is not material.

DISCUSSION

PCG/PPL argue dismissal is proper because Plaintiff's Amended Complaint suffers from the same flaws identified in Defendants previous Motion to Dismiss and the Court's Order granting the Motion.  ECF No. 43 at 2.  The Court agrees.

Ultimately, as PCG/PPL recognize, Plaintiff's Amended Complaint "fares no better" than the previous Complaint.  ECF No. 43 at 2.  The Court notes that many of the arguments raised by the Parties have been sufficiently addressed in this Court's previous Order and the additional allegations do not impact the analysis.  As such, the Court will only address the newly raised legal argument in Plaintiff's Response (ECF No. 46) and the additional, substantive factual allegations in the Amended Complaint (ECF No. 39).

Plaintiff's Amended Complaint does not allege any substantive facts that would change the analysis the Court put forth in its previous Order Granting Motion to Dismiss (ECF No. 38).  Plaintiff simply adds meat to PCG/PPL's operations, *see* ECF No. 39 at 6-9, ¶¶ 25-47, and details more interactions between Plaintiff and employees of PCG/PPL in trying to stop the withholding of her funds, who ultimately pointed her to SEIU 775, *see* ECF No. 39 at 12, ¶¶ 66-73; 16-17, ¶¶ 93-96.  The critical facts – that PCG/PPL provide passive payroll services (as a mere instrument) at the direction of the State based on information provided to them – remain the same.  Notably, Plaintiff makes no effort to discuss how the new

allegations save Plaintiff's claim.

Plaintiff raises the new argument that PCG/PPL are state actors because disbursing Medicaid funds – part of their payroll services – is "a roll that has traditionally been the exclusive prerogative of government." ECF No. 46 at 11-12. Plaintiff does not provide any case law supporting its position that a payroll service provider that disburses Medicaid funds is a government actor. Rather, Plaintiff simply argues that "[t]he spending of public monies, specifically Medicaid, has traditionally and exclusively been the prerogative of the federal and state governments, since Medicaid's inception in 1965." ECF No. 46 at 11. The Court declines to adopt such a novel argument, especially where it would turn every private entity that disburses funds on behalf of the government into a state actor. *See Rendell-Baker v. Kohn*, 457 U.S. 830 (1982) ("The school, like the nursing homes, is not fundamentally different from many private corporations whose business depends primarily on contracts to build roads, bridges, dams, ships, or submarines for the government. Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts.").

Given Plaintiff's failed attempt to allege a plausible claim against PCG/PPL in the Amended Complaint, the Court finds amendment as to these claims is futile.

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant Public Consulting Group, Inc., and Defendant Public Partnerships LLC's Joint Motion to Dismiss (ECF No. 43) is **GRANTED**.

The District Court Executive is directed to enter this Order, dismiss Defendant Public Consulting Group, Inc., and Defendant Public Partnerships LLC from the case, and furnish copies to the parties.

**DATED** July 12, 2019.



THOMAS O. RICE
Chief United States District Judge